

08 CV 6820

SHUKAT ARROW HAFER WEBER &
HERBSMAN, L.L.P.
Attorneys for Plaintiff
111 West 57th Street, Suite 1120
New York, NY 10019
(212) 245-4580
Dorothy M. Weber, Esq. (DW 4734)
Peter S. Shukat, Esq. (PS 8078)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

S. WOODROW ZEIG, p/k/a WOODROW LIN,  08 CV _____ ( )

        Plaintiff,

        **COMPLAINT**

    -against-

DYLAN BURNS and CHRISTOPHER JAMES
KARYOTAKIS "KAZ JAMES", UNIVERSAL
MUSIC GROUP, INC., MERCURY RECORDS,
LTD., UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC-MGB SONGS, SONY/ATV
MUSIC PUBLISHING LLC, SONY/ATV TUNES
LLC, and SONY/ATV MUSIC PUBLISHING UK,
LTD.,

        Defendants.
------------------------------------------------------------x

      Plaintiff, S. Woodrow Zeig, p/k/a Woodrow Lin (hereinafter "Lin"), by his

attorneys, Shukat Arrow Hafer Weber & Herbsman, LLP, alleges for his complaint,

upon knowledge and belief as to his own acts and upon information and belief as to

the acts of all others, as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Lin is an individual residing in the State of New York. Lin, a performer and writer, is the owner of the copyright in and to the music and lyrics of the song "I Like the Way You Walk" (the "Song").

2. Defendant Universal Music Group, Inc. ("UMG"), a Delaware Corporation with its principal place of business at 10 Universal City Plaza, Universal City, California 91608. Upon information and belief, UMG is the parent company to Mercury Records, Ltd. UMG transacts business in New York.

3. Defendant Mercury Records, Ltd. ("Mercury") is, upon information and belief, a British corporation with its principal place of business at London, W6 9XS United Kingdom. Mercury is listed as the copyright claimant in the United States for the sound recording containing the infringing musical composition "I Like the Way (You Move)" (the "Infringing Song"). Upon information and belief, Mercury transacts business in New York.

4. Defendant Universal Music Publishing, Inc. ("UMP") is a Delaware Corporation with its principal place of business at 10 Universal City Plaza, Universal City, California 91608. Upon information and belief, UMP is the parent company to Universal Music – MGB Songs. UMP transacts business in New York.

5. Defendant Universal Music – MGB Songs ("MGB") is, upon information and belief, a company organized under the laws of the state of Delaware, with its

principal place of business at 10 Universal City Plaza, Universal City, California 91608. MGB is listed as a publisher/administrator of the Infringing Song with ASCAP. Upon information and belief, MGB transacts business in New York.

6. Defendant Sony/ATV Music Publishing LLC ("Sony Publishing") is a Delaware Corporation with its principal place of business at 550 Madison Avenue, 5th Floor, New York, New York. Upon information and belief Sony Publishing is the parent company to Sony/ATV Tunes LLC.

7. Defendant Sony/ATV Tunes LLC ("Sony Tunes") is a Delaware Limited Liability Company with its principal place of business at 550 Madison Avenue, New York, New York 10022. Upon information and belief, Sony Tunes is the United States affiliate of Sony/ATV Music Publishing, UK, Ltd and is listed as a publisher/administrator of the Infringing Song with ASCAP.

8. Defendant Sony/ATV Music Publishing, UK, Ltd. ("Sony UK") is, upon information and belief, a British corporation with its principal place of business in London. Sony UK is listed as the copyright claimant in the United States for the words and music of the Infringing Song. Upon information and belief, Sony UK transacts business in New York.

9. On information and belief, Defendant Dylan Burns ("Burns") is an individual residing at 45 Windsor Gardens, Herne Bay, Kent in the United Kingdom. Burns is a co-author of the Infringing Song, and is a member of the musical group known as "The Bodyrockers."

10. On information and belief, Defendant Christopher James Karyotakis p/k/a "Kaz James" ("James") is an individual residing at 103 Wallwood Road, London, in the United Kingdom. Karyotakis is a co-author of the Infringing Song, and is a member of the musical group known as "The Bodyrockers."

11. This Court has exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. The claims herein arise under Sections 106, 201, 501, 502, 504 and 505 of the Copyright Act (17 U.S.C. §§ 106, 201, 501, 502, 504 and 505) and the common law.

12. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events that are the subject matter of this lawsuit occurred in this judicial district, including, but not limited to, sales and distribution of the Infringing Song, as defined herein, in this judicial district.

## BACKGROUND FACTS

13. Woodrow Lin is composer, musician and performer.

14. Lin composed the Song in or about late 2000 or early 2001. He publicly performed the Song at numerous shows in New York City and elsewhere between 2001 and the present. He recorded a first version of the Song in or about August 2001, and then recorded a second version on or about December 5, 2001. The Song was on a CD entitled "Found On Tape." Mr. Lin also recorded a slightly revised version of the Song in or about early 2003 for inclusion on a CD entitled "Woodrowfied."

15. Lin met Defendant Burns in or around mid 2004 at the Music Building in New York City, located at 584 Eighth Avenue, New York, New York. Mr. Lin leases rehearsal space at the Music Building. Mr. Lin invited Mr. Burns to his studio and gave Mr. Burns a copy of the "Found on Tape" CD.

16. Over the course of the next few months, Mr. Lin encountered Mr. Burns on several occasions in the Music Building. During one of those encounters, Mr. Lin gave Mr. Burns a copy of the "Woodrowfied" CD containing the 2003 recording of the Song.

17. In the late summer or early fall of 2004, Mr. Burns approached Mr. Lin and stated that he wanted to record a "techno" version of the Song in which he would stress the line "I like the way you walk". Mr. Lin replied that he was already working on a "house" version for a female singer and would be open to doing a techno version. Mr. Lin also suggested that the Song should emphasize the word "move" instead of "walk".

18. Beginning on or about 2005, Defendants copied, reproduced, manufactured and sold various albums containing a song entitled "I Like the Way (You Move)" (the "Infringing Song"). The Infringing Song has reproduced, copied, been featured in advertising campaigns, including, but not limited to a Diet Coke commercial shown during the Super Bowl.

19. The Infringing Song has also been copied, reproduced, manufactured and sold on a number of other albums: I Like the Way, Keep Your Boots On; 2005 El Dance 05; 2005 Floorfillers, Vol. 3; Hed Kandi: Es Vive Base Bar Ibiza, 2005; 2005

Hellmoto, Vol. 2 [Bonus DVD]; 2005 House Mix, Vol. 3; 2005 I Like the Way [Bimbo Jones Delano Mix]; 2005 I Like the Way [Junior Jack Rock Da House Dub Mix]; 2005 I Like the Way [Radio Edit]; 2005 I Like the Way, Pt. 1; 2005 Las Vegas [Original TV Soundtrack]; Party Mix 2005; 2005 Round and Round; 2005 Sessions, Vol. 2; 2005 So Fresh: The Hits of Winter 2005; 2005 Annual 2006 [DVD]; The Annual 2006 [Ultra] AMG Track Picks; 2006 Anthems; 2006 Aquamarine [Soundtrack] Epic; 2006 Aquamarine: Music From The Motion Picture; 2006 Big Club Hits: In the Mix, 2006 Club Nights[#2]; 2006 Much Dance #1s; Now 2006: The DVD; 2006 Summer Club Hits; The Annual 2006 [Universal International]; The Annual 2006 [Universal]; 2006 Tokyo Project: The Collection; 2006 Top Gear: The Ultimate Driving Experience; Z103.5 Summer Rush 2006; 2007 Big Summer Tunes; 2007 Clubbers Yearbook; 2007 Clubmix Classics; 2007 House Mix, Vol. 2-3; 2007 Megahits: The Dance Remixes; 2007 Video Hits: 20 years of Australian Hits and 2008 Sunset to Sunrise.

20.   The Song and the Infringing Song are substantially similar. There are substantially similar musical and lyrical phrases that constitute a substantial portion of the Song, including but not limited to the time and "hook". Those significant lyrical similarities include but are not limited to:

- Lyrical phrases in each Chorus section begins with "I like the way you..." with the exception of the second to last lyrical phrase in each Chorus in both compositions.
- There is a change in the second to last lyrical phrase in both compositions with inclusion of the phrase. "But most of all";
- The first lyrical phrase in Chorus 2 in Lin begins with "I like the way you put..." and the first lyrical phrase in all of the Choruses in

- Bodyrockers begins with the identical lyrical phrase, "I like the way you put…";
- The second to last lyrical phrase in each Chorus in both compositions is coupled with the last lyrical phrase;
- The last lyrical phrase in each Chorus in both compositions includes "I like the way you…"; and
- The title/hook lyrics in Bodyrockers, "I like the way you move," are heard identically two times in Lin, in the second phrase in each stanza in the Ending section in Lin.

21. Defendants' unauthorized publications constitute a willful infringement of the Song.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement)

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 with the same force and effect as if fully set forth herein.

23. At all relevant times, Plaintiff is and has been the rightful owner of the copyright in and to the Song.

24. Plaintiff has filed with the United States Copyright Office the deposit, application, and fee required for registration of the Song pursuant to 17 U.S.C. §§ 408, 409 and Copyright Registration SRu-535-638 was issued on December 12, 2003, a copy which is annexed hereto as Exhibit A.

25. Defendants have no license or any other form of permission to copy, duplicate, or claim copyright ownership in the Song, or to sell or distribute any portion of the Song.

26.  Defendants have infringed Plaintiff's copyright in the Song, in violation of the Copyright Act, 17 U.S.C. §§ 501 and 106, by copying, publishing, and distributing the Song.

27.  Such infringement is willful pursuant to the Copyright Act, 17 U.S.C. § 504.

28.  Defendants' unauthorized exploitation of the Song is in derogation of and injurious to Plaintiff's exclusive rights as the owner and/or administrator of the copyright to the Song, all to the Plaintiff's substantial damage.

29.  By reason of the foregoing acts of copyright infringement, Plaintiff is entitled both to a permanent injunction enjoining Defendants from continuing the aforesaid acts of infringement, and to an award of damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
### (Injunction)

30.  Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 with the same force and effect as if fully set forth herein.

31.  At all times herein Plaintiff was the owner of the copyright in and to the Song.

32.  By Defendants' public dissemination of the Song, Defendants have violated Plaintiff's copyright interests in the Song.

33. Plaintiff has been damaged by Defendants' public dissemination of the Song, and will continue to suffer damage in the future if Defendants continue to publicly disseminate the Song.

34. This Court is authorized by 17 U.S.C. § 502 to enjoin the future infringement of Plaintiff's copyright in the Song.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. On Count I:

    i. Finding that the Defendants have infringed the Plaintiff's copyright interests in the Song;

    ii. Permanently enjoining and restraining Defendants, their agents, affiliates and representatives from producing, manufacturing, printing, distributing, selling, marketing, promoting, advertising and/or otherwise exploiting the Film, or causing the foregoing activities to take place, and from otherwise infringing Plaintiff's copyright interests in the Song;

    iii. Entering judgment for Plaintiff and against Defendants, jointly and severally, for Plaintiff's actual damages plus Defendants' additional profits, or, in the alternative, statutory damages, pursuant to 17 U.S.C. § 504, in an amount yet to be determined, and directing Defendant to provide an accounting of all sales of and profits derived from the exploitation of the Song;

    iv.    ordering Defendants to account for all profits, gains and advantages derived from their acts of infringement and for its other violations of law;

    v.    That all gains, profits and advantages derived by Defendants from their acts of infringement be deemed to be held in constructive trust for the benefit of the Plaintiff; and

    vi.    ordering Defendants to turn over all copies of the Song that are now within Defendant's ownership or control;

b.    On Count II, permanently enjoining and restraining Defendants, their agents, affiliates and representatives from producing, manufacturing, printing, distributing, selling, marketing, promoting, advertising and/or otherwise exploiting the Song, or causing the foregoing activities to take place, and from otherwise infringing the Plaintiff's copyright interests in the Song; and

c.    Awarding Plaintiff such other and further relief as may be just and proper.

Dated:    New York, New York
             July 29, 2008

SHUKAT ARROW HAFER WEBER
& HERBSMAN, L.L.P.
Attorneys for Plaintiff
111 West 57th Street
New York, New York  10019

By: _____
Dorothy M. Weber, Esq. (DW 4734)
Peter S. Shukat, Esq. (PS 8078)

# Exhibit A

Case 1:08-cv-06820-SAS   Document 1   Filed 07/30/2008   Page 11 of 13

# Certificate of Registration Additional Certificate (17 U.S.C. 706)



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM SR**
For a Sound Recording
UNITED STATES COPYRIGHT OFFICE

RF

**SRu535-638**

EFFECTIVE DATE OF REGISTRATION

12 / 12 / 03
Month / Day / Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET**

**1** TITLE OF THIS WORK ▼
WOODROWFIED Part 1

PREVIOUS ALTERNATIVE OR CONTENTS TITLES (CIRCLE ONE) ▼

**2a** NAME OF AUTHOR ▼ S. WOODROW ZEIG
DATES OF BIRTH AND DEATH
Year Born ▼ 1972    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
Citizen of ▶ USA
OR
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☒ No
Pseudonymous?  ☐ Yes ☒ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼
A collection of 5 songs written by S Woodrow Zeig

**NOTE** Under the law, the author of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**2b** NAME OF AUTHOR ▼
DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
Citizen of ▶
OR
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**2c** NAME OF AUTHOR ▼
DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
Citizen of ▶
OR
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?    ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed ▼

**3a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED
2003 ◀ Year In all cases

**3b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month ▶ ____ Day ▶ ____ Year ▶ ____
◀ Nation

**4a** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2 ▼
S Woodrow Zeig
335 Court St, Ste 21
Brooklyn NY 11231

APPLICATION RECEIVED
DEC 12 2003
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
DEC 12 2003
FUNDS RECEIVED

**4b** TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

---

MORE ON BACK ▶  Complete all applicable spaces (numbers 5-9) on the reverse side of this page
See detailed instructions    Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 2 pages

Amended by C O Authority of phone call with S Woodrow Zeig on April 15, 2004

EXAMINED BY

CHECKED BY

CORRESPONDENCE
☐ Yes

FORM SR

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE  IF YOU NEED MORE SPACE USE A SEPARATE CONTINUATION SHEET

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☒ Yes  ☐ No  If your answer is Yes  why is another registration being sought? (Check appropriate box) ▼
a ☐ This work was previously registered in unpublished form and now has been published for the first time
b ☐ This is the first application submitted by this author as copyright claimant
c ☒ This is a changed version of the work, as shown by space 6 on this application
If your answer is Yes  give Previous Registration Number ▼     Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates ▼

a  ~~These songs have appeared on~~ [E]Woodrow: Almost live, Just
 some words and music previously registered  a rough mix, and Foundon
                                              Tape 2003

**6**

Material Added to This Work  Give a brief general statement of the material that has been added to this work and in which copyright is claimed ▼

b  all other words and music

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office  give name and number of Account
Name ▼                                        Account Number ▼

a

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent  Name/Address/Apt/City/State/ZIP ▼

b  Call Woodrow @ 718-930-7466

Area code and daytime telephone number        Fax number
Email  woodrow@woodrowified.com

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▼
☒ author                    ☐ owner of exclusive right(s)
☐ other copyright claimant  ☐ authorized agent of _____
                            Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3  do not sign and submit it before that date
Scott Woodrow Zeig                                  Date  12-08-03

Handwritten signature (x) ▼
X  [signature: Scott Woodrow Zeig]

Certificate will be mailed in window envelope to this address

Name ▼  S. Woodrow Zeig
Number/Street/Apt ▼  335 Court St STE 21
City/State/ZIP ▼  Brooklyn, NY 11231

**9**

*17 U S C § 506(e)  Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409  or in any written statement filed in connection with the application  shall be fined not more than $2 500

Rev July 2003—100 000   Web Rev July 2003   ♻ Printed on recycled paper                U S Government Printing Office  2003-496-605/60 026